La Sorsa & Beneventano
Attorneys for the Plaintiff
3 Barker Avenue, Suite 375
White Plains, New York 10601
(914) 682-3300 (telephone)
(914 682-3740 (facsimile)
Email address: gml@lasobenlaw.com

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANTE PRYCE<br><br>Plaintiff,<br><br>- Against –<br><br>UNITED STATES OF AMERICA<br><br>Defendants. | COMPLAINT<br><br>CASE NO: _____<br><br>JUDGE: _____ |

**COMPLAINT**
**JURISDCITION AND VENUE**

1.  This is an action for negligence. This Court has jurisdiction pursuant to the Federal Tort Claims Act. 28 U.S.C §2671, *et seq* and 1346(b).

2.  This action is being filed in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1402(b) in the venue within which the Defendant maintains its place of business and the situs of the accident. Venue is proper in the US District Court for the Southern District of New York.

3.  The matter was subject to an administrative claim submitted on behalf of the plaintiff covering from approximately August 11, 2017 through a continuous treatment to August 22, 2017.

1

4. A claim for damage, injury or death pursuant to Form 95 was filed on behalf of plaintiff on October 4, 2017.

5. The government by letter dated October 17, 2017; Department of Health and Human Services acknowledged receipt of Standard Form 95, Claim for Damage, Injury or Death, and on September 10, 2019 denied the claim.

6. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346 (b); §2671 *et seq.,* and §2401(b)

7. The complaint was filed on February 6, 2020, within six months of the government's last communication regarding this claim from the September 10, 2019 letter of denial of claim in State Court under the caption: **Chante Pryce v. MONTEFIORE MEDICAL GROUP CFCC, MONTEFIORE MEDICAL CENTER JACK D. WEILER HOSPITAL, MELEEN CHUANG, M.D., VISITING NURSES SERVICES OF NEW YORK, and "JOHN DOES" 1 THROUGH 10, "JANE DOES" 1 THROUGH 10, Index no: 21904/2020E, County of Bronx, State of New York,** and two and one-half years from the last date of a continuous course of treatment.

8. On or about September 21, 2020, Defendants MONTEFIORE MEDICAL GROUP CFCC, MONTEFIORE MEDICAL GROUP CFCC, MONTEFIORE MEDICAL CENTER JACK D. WEILER HOSPITAL, MELEEN CHUANG, M.D. filed a Notice of Motion to Dismiss the Complaint pursuant to CPLR § 3211(a)(2) due to a lack of subject matter jurisdiction; and alleging that said claims fall under the exclusive jurisdiction of the Federal Tort Claims Act and must be brought in the United States District Court.

9. On January 20, 2021 an Order with Notice of Entry was filed of the decision of the Honorable John R. Higgitt, J.S.C. dismissed the action as against defendant MONTEFIORE MEDICAL GROUP CFCC <u>without</u> prejudice; and ordered that the remaining defendants motion was otherwise denied (see attached)

10. In accordance with 28 U.S.C. 2679 (d) (5) (A) which states in pertinent part the following:

> "Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675 (a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if (a) **the claim would have been timely had it been filed on the date the underlying civil action was commenced.**"

11. It has been approximately 35 days since the State Court dismissed <u>without</u> prejudice the case against defendant, Montefiore Medical Group CFCC which claim is being presented to the appropriate district court within 60 days after dismissal of the civil action (28 U.S.C. Section 2679(5)(B); see also, <u>Celestine v Mount Vernon Neighborhood Health Ctr.</u>, 403 F3d 76, 84 [2d Cir 2005].

### AS AND FOR THE PLAINTIFF'S FIRST CAUSE OF ACTION

12. That at all time hereinafter mentioned, plaintiff was and still is a citizen of the United States and the State of New York, County of Westchester.

13. That at all times hereinafter mentioned, defendant, United States of America through its agency the MONTEFIORE MEDICAL GROUP COMPREHENSIVE FAMILY CARE CENTER (hereinafter referred to as CFCC") located at 1621 Eastchester Road, The Bronx, New York 10461, County of Bronx, State of New York is and was a medical facility and held itself out to the general public and to Plaintiff as a

competent and skillful medical facility, competent to render care and medical attention to sick and ailing persons

14. That all times hereinafter mentioned, defendant CFCC owned, operated, maintained, controlled and managed a health care facility, which provided personnel including doctors, nurses, attendants, nurse practitioners, physician assistants, and others for care and treatment of patients, and which held itself out to the public as furnishing medical treatment facilities including surgical services to plaintiff, CHANTE PRYCE who was a patient at defendant's facility.

15. That defendant, CFCC is one of the Montefiore Medical Group sites that is a member of the Bronx Community Health Network (BCHN), a Federally Qualified Health Center (FHHC) which provides access to affordable, quality, comprehensive health care.

16. That at all times hereinafter mentioned, defendant CFCC, vicariously, ostensibly and through their personnel, including doctors, nurses, attendants, surgical team, and gastro intestinal team, medical team and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities and surgical services, surgical gastrointestinal services where patients, including plaintiff, CHANTE PRYCE could be treated for various ailments including abdominal surgery, including surgical conditions of her intestinal tract and medical conditions and infections.

17. That on or about August 11, 2017 through August 22, 2017, defendant CFCC, by their agents, servants, physicians, nurses, technician and employees rendered care and treatment to plaintiff.

18. That it was the duty of the defendant CFCC, their agents, servants, physicians, nurses, technicians and /or employees to render that degree of medical care and attention to plaintiff as was warranted under the circumstances surrounding plaintiff's medical condition.

19. That the defendants, their agents, servants, physicians, nurses, technicians and/or employees were careless, reckless and negligent in the care and treatment rendered to Plaintiff in failing to render that degree if medical care in conformity with the good and accepted medical practices; in failing to adhere to the good and accepted medical practices within the medical and surgical community, in department from good and accepted medical practice within the medical and surgical community, in rendering a degree of care to Plaintiff that was not adequate; in improperly administering medical care and attention to Plaintiff, in failing to render that degree of medical care towards Plaintiff that Plaintiff rightfully expected and anticipated, in causing Plaintiff to suffer and experience unnecessary plan and mental anguish, in causing iatrogenic injuries and in otherwise being careless, reckless and negligent.

20. The claim arose during a continuous course of treatment from August 11, 2017, through August 22, 2017, when defendant CFCC their servants, employees, agents, owned, operated, maintained, controlled and managed a health care facility, which provided personnel including doctors, nurses, attendants, nurse practitioners, physician assistants, and others for care and treatment of its patients, and which held itself out to the public as furnishing medical treatment facilities including surgical services.

21. That at all the times hereinafter mentioned, the defendant, **CFCC** vicariously, ostensibly and through their agents, servants, attending and resident physicians, radiologists, nurses, healthcare providers and/or employees, were negligent, careless, unskillful and did depart from good and accepted medical care, practices and procedures, surgical procedures, in the treatment and service rendered to the plaintiff **CHANTE PRYCE**, in failing to adequately, properly, correctly and timely ascertain the plaintiff's true condition; in failing to properly diagnose plaintiff's condition; in failing to properly treat plaintiff; in failing to provide care to the plaintiff; in failing and neglecting to timely, adequately and properly perform, request, obtain, use, utilize, administer and evaluate necessary medical equipment, obtain adequate consultations, render adequate medical and surgical treatment, and diagnostic examinations and tests; in failing to use due care, prudence and caution in treating the plaintiff status post right cystectomy, partial oophorectomy, bowel deserosalization over sewing, IUD insertion, in failing to treat plaintiff's anemia, in failing to provide blood transfusion during the perioperative period; in failing to implement perioperative and postoperative management of hemostasis in patients with VWD history; failing to prevent readmission for wound hematoma and wound separation requiring wound exploration; wound disruption; post-op complication, failure to monitor, tests and consult; failure to monitor post-op condition for infection or sepsis, failing to administer antibiotics, increased ecchymosis around incision site; failure to prevent infection, failure to provide post-op care, failure to provide regular cleaning of surgical site, failure to change and provide wound-vac assistance, failing to implement home care assistance; in causing the staples to be removed at bedside; in causing a failing to implement home care

assistance; in causing the staples to be removed at bedside; in causing a large wound hematoma; failure to provide correct measure in preventing blood clot; failure to provide prescription drugs; failure to provide pain medication; failure to observe the patient's condition through recovery; negligently causing plaintiff to be discharged prior to full recovery, in causing plaintiff severe abscess, infection, in causing plaintiff post-traumatic stress; in causing plaintiff depression; in failing to make the appropriate referrals to specialists; in failing to use due care, prudence and caution in discharging the plaintiff, in providing inexperienced and/or inadequate and/or incompetent physicians and/or medical personnel to diagnose and treat the plaintiff.  Plaintiff will also rely upon the doctrine of **res ipsa loquitur, Respondeat Superior and corporate negligence.**

22.    That as a result of the foregoing, Plaintiff was rendered sick, sore, lame and disabled, was caused to incur hospital and medical expenses in an endeavor to cure and/or alleviate herself of the injuries sustained, was caused to become unable to tend to her usual duties and pursuits, and, was otherwise damaged.

23.    That the aforesaid injuries were occasioned wholly and solely by the carelessness, negligence and unskillfulness of the defendants herein and without any negligence on the part of the Plaintiff contributing thereto.

## AS AND FOR A SECOND CAUSE OF ACTION
## LACK OF INFORMED CONSENT

24. Plaintiff repeats, re-alleges and reiterate each and every paragraph heretofore set forth designated "1" through "23" with the same full force and effect as if fully set forth herein.

25. That Plaintiff did not give consent to the procedures performed upon her.

26. Defendants failed to inform the plaintiff of the risk, hazards and alternatives connected with the treatment rendered and procedures performed, so that an informed consent could be given.

27. Reasonably prudent person in the plaintiff's position would not have undergone the treatment rendered and procedures performed if plaintiff had been fully informed of the risks, hazards, and alternatives connected with said procedures in the proximate cause of the injury sustained by plaintiff.

28. As a consequence of the foregoing there was not informed consent to the procedures utilized and/or treatments rendered.

29. That as a result of the foregoing, Plaintiff has been damaged.

30. That the aforesaid lack of informed consent was occasioned wholly and solely by the carelessness, negligence and unskillfulness if the defendants herein and without any negligence in the part of the Plaintiff contributing thereto.

## AS AND FOR A THIRD CAUSE OF ACTION
## ARISING FROM NEGLIGENT HIRING

31. Plaintiff repeats, re-alleges, and reiterate each and every paragraph heretofore set forth designated "1" through "30" with the same full force and effect as if fully set forth herein.

32. Defendants, prior to the granting or renewing of privileges or employment of defendants, residents, nurses and radiologist, emergency room physicians, ostensible agents and others involved in plaintiff's care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, radiologist, residents, nurses, emergency room personnel, and other employees, including but not limited to obtain.

33. Had the defendants made the above stated inquiry or in the alternative had defendant hospital reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

34. By reason of the defendants' failure to meet the aforementioned obligation, plaintiff, CHANTE PRYCE was treated by physicians, nurses, ostensible agents and/or employees who were lacking the requisite skills, abilities, competence and capacity, as a result of which plaintiff sustained severe injuries and complications.

35. By reason of the foregoing, plaintiffs bring this action for permanent physical injuries, conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** plaintiff demands judgment against the defendant, MONTEFIORE MEDICAL GROUP CFCC in the sum of TEN MILLION ($10,000,000.00) DOLLARS, together with costs and expenses and for such other and further relief as this Court deems necessary and proper.

Dated: White Plains, New York
      February 25, 2021

 

_____
GREGORY M. LASORSA, ESQ.
LaSorsa & Beneventano
Attorneys for Plaintiff
3 Barker Avenue
White Plains, New York 10601
Federal District Roll No: 4067
(914) 682-3300

## DESIGNATION OF TRIAL COUNSEL

The Court hereby advised that GREGORY M. LASORSA, ESQ., is hereby designated at trial counsel in this matter.

Dated: White Plains, New York
       February 25 , 2021

                                                GREGORY M. LASORSA, ESQ. 4067
                                                LaSorsa & Beneventano
                                                Attorneys for Plaintiff
                                                3 Barker Avenue
                                                White Plains, New York 10601
                                                Federal District Roll No: 4067
                                                (914) 682-3300

STATE OF NEW YORK            )
                             )SS:
COUNTY OF Westchester        )

I, Chante Pryce, being duly sworn, depose and say: I am the Plaintiff in the action; I have read the foregoing Summons and Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

x _Chante Pryce_

Sworn to before me this
day of 14th day of January 2021

_____
Notary Public

MARIA PETERMAN
Notary Public, State of New York
Registration #01PE6173138
Qualified in Putnam County
Commission Expires 8/20/2023