UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHANTE PRYCE,

                                    Plaintiff,

                    -v.-

UNITED STATES OF AMERICA,

                                    Defendant.

21 Civ. 1698 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

        Plaintiff Chante Pryce brings this action against the United States of

America pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C.

§§ 1346(b), 1402(b), 2401(b), and 2671-2680, alleging negligence, lack of

informed consent, and negligent hiring in connection with surgery and related

medical care she received from Montefiore Medical Group Comprehensive

Family Care Center ("CFCC"), Montefiore Medical Center Jack D. Weiler

Hospital ("Weiler Hospital"), and Dr. Meleen Chuang.  The Government now

moves to dismiss this action pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6), arguing that all of Plaintiff's claims are time-barred and

that the Court lacks subject matter jurisdiction over the claims against Weiler

Hospital and Dr. Chuang.  For the reasons set forth in the remainder of this

Opinion, the Court finds that Plaintiff's claims against CFCC are time-barred

by the FTCA and that it lacks subject matter jurisdiction over Plaintiff's claims

against Weiler Hospital and Dr. Chuang.  Accordingly, the Court grants the

Government's motion to dismiss insofar as it dismisses the claims against

CFCC with prejudice and the claims against Weiler Hospital and Dr. Chuang
without prejudice.

## BACKGROUND[1]

### A.   Factual Background

CFCC and Weiler Hospital are separate medical facilities, both located in
the Bronx, New York.  (AC ¶¶ 18, 42).  Dr. Chuang provided medical care to
Plaintiff at both facilities.  (*See id.* at ¶ 43).  More specifically, from on or about
August 11, 2017, through on or about August 22, 2017, Plaintiff received
medical care from CFCC, Weiler Hospital, and Dr. Chuang.  (*Id.* at ¶¶ 22, 47).
The course of treatment included gynecological surgery, which, as a result of
alleged negligence on the part of CFCC, Weiler Hospital, and Dr. Chuang,
caused Plaintiff to suffer infection and wound disruption, among other serious

---

[1]   This Opinion draws its facts from the Amended Complaint (the "Amended Complaint" or
"AC" (Dkt. #15)), the well-pleaded allegations of which are taken as true for the
purposes of this Opinion, and the exhibits attached thereto.  These exhibits include: the
order of the Honorable John R. Higgitt, Justice of the Supreme Court of the State of
New York, Bronx County, dated January 6, 2021 (the "January 2021 State Court Order"
(Dkt. #17 at 1-4)); the order from the same court dated May 6, 2021 (the "May 2021
State Court Order" (*id.* at 5-8)); and Plaintiff's claim submitted to the Department of
Health and Human Services ("HHS") on June 8, 2021 (the "2021 HHS Claim" (*id.* at
10)).

This Opinion further draws its facts from Plaintiff's claim submitted to HHS on
October 10, 2017 (the "2017 HHS Claim" (Dkt. #36, Ex. C)) and HHS's notice of denial
of Plaintiff's claim sent on September 10, 2019 (the "HHS Denial" (*id.*, Ex. D)).  *See
Rothman* v. *Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (stating that a court resolving a
motion to dismiss may consider the facts alleged in the complaint, together with "any
statements or documents incorporated in it by reference, as well as ... documents that
the plaintiffs either possessed or knew about and upon which they relied in bringing the
suit" (internal citations omitted)); *accord Littlejohn* v. *City of New York*, 795 F.3d 297,
303 n.1 (2d Cir. 2015).  The Complaint incorporates by reference each of these
documents.

For ease of reference, the Court refers to the Government's memorandum of law in
support of its motion to dismiss as "Gov't Br." (Dkt. #28); to Plaintiff's opposition brief
as "Pl. Opp." (Dkt. #36); and to the Government's reply brief as "Gov't Reply" (Dkt. #37).

injuries.  (*See id.* at ¶¶ 26, 51).  These injuries caused her to further incur hospital and medical expenses and to experience significant physical and emotional distress.  (*Id.* at ¶¶ 27, 52).[2]

### 1. The 2017 HHS Claim

On October 10, 2017, Plaintiff submitted an administrative claim to HHS, seeking redress for the injuries resulting from her surgery.  (2017 HHS Claim; *see also* AC ¶¶ 3-5).[3]  Plaintiff identified "Montefiore Medical Group CFCC" alone as the "[a]ppropriate [f]ederal [a]gency" to which she was submitting the claim.  (2017 HHS Claim).  For the date and day of the alleged accident, Plaintiff wrote "8/11/2017 and continuing[.]"  (*Id.*).  Plaintiff described the basis of the claim as "negligently failing to workup [Plaintiff] prior to surgery and premature discharge resulting in multiple surgeries, hematoma infection, abscess, outpatient wound care, scarring and questionable infertility[.]"  (*Id.*).

---

[2]     The Complaint omits information essential to understanding the events underlying this litigation and each party's role in those events.  For the sake of clarity, the Court notes a few illuminating details mentioned in Plaintiff's opposition brief and its supporting exhibits.  Plaintiff was originally seen at the Weiler Hospital Emergency Room on April 11, 2017, which visit resulted in the scheduling of surgery for August 11, 2017; the surgery took place at Weiler Hospital; and Dr. Chuang was the surgeon who operated on Plaintiff on August 11, 2017.  (Pl. Opp. 2).  In the months leading up to the surgery, Plaintiff was seen by Dr. Chuang at CFCC multiple times.  (*See* Dkt. #36, Ex. B).  During these visits, which took place in April and July of 2017, Dr. Chuang evaluated Plaintiff and counseled Plaintiff regarding the upcoming procedure.  (*See id.*).  The Court notes these facts solely for the sake of explaining the role of each medical provider in this case, and recognizes that Plaintiff "may not amend [her] pleading through [her] opposition brief."  *See Maxim Grp. LLC* v. *Life Partners Holdings, Inc.*, 690 F. Supp. 2d 293, 308 (S.D.N.Y. 2010).

[3]     The Court notes that although the claim is dated October 4, 2017 (2017 HHS Claim), HHS states in its denial letter that Plaintiff filed the claim on October 10, 2017 (HHS Denial Letter).  Both parties adopt the October 10, 2017 date in their briefing (*see* Gov't Br. 1; Pl. Opp. 3), and the Court will use that date as well.

On September 10, 2019, HHS sent a letter to Plaintiff denying the claim. (HHS Denial Letter; *see also* AC ¶ 5).  The HHS Denial Letter stated that Plaintiff had filed an administrative tort claim under the FTCA alleging that "the medical providers at Montefiore Medical Center, located in Bronx, New York, committed medical malpractice by failing to perform a proper pre-surgical work-up and prematurely discharging Ms. Pryce following the surgery." (HHS Denial Letter).  In denying the claim, HHS explained that "[t]he evidence fail[ed] to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment." (*Id.*). The letter advised that Plaintiff could (i) file a written request with HHS for reconsideration of the denial within six months of September 10, 2019, *i.e.,* on or before March 10, 2020, or (ii) "file suit against the United States in the appropriate federal district court" within the same time frame.  (*Id.*).

### 2. The New York State Court Action

On February 6, 2020, Plaintiff filed suit in New York State Supreme Court against CFCC, Weiler Hospital, Dr. Chuang, the Visiting Nurse Service of New York, "John Does" 1 through 10, and "Jane Does" 1 through 10.  (*See* AC ¶ 7).  On or about September 21, 2020, CFCC, Weiler Hospital, and Dr. Chuang (collectively, the "Moving Defendants") moved to dismiss the action for lack of subject matter jurisdiction (*id.* at ¶ 8), arguing that Plaintiff's claims against them were governed by the FTCA, and therefore must be brought in federal district court (*see* January 2021 State Court Order 3).  In an order dated January 6, 2021, Justice John R. Higgitt granted the motion in part and

denied it without prejudice in part, dismissing Plaintiff's claims against CFCC but sustaining Plaintiff's claims against Weiler Hospital and Dr. Chuang.  (*Id.* at 4).

In dismissing Plaintiff's claims against CFCC, Justice Higgitt cited the 2017 HHS Claim, in which Plaintiff had identified CFCC as the "[a]ppropriate [f]ederal [a]gency," as well as the HHS Denial Letter, which directed Plaintiff to bring an action in federal district court if she wished to further pursue a claim against CFCC.  (*See* January 2021 State Court Order 3).  Conversely, Justice Higgitt noted that Weiler Hospital and Dr. Chuang had not submitted evidence that Plaintiff's claims against them were governed by the FTCA, observing that "no mention [wa]s made of either of [them] in the form associated with [P]laintiff's administrative tort claim or the letter from [HHS] denying the administrative claim."  (*Id.* at 4).  The court left open the possibility that Weiler Hospital and Dr. Chuang could renew their motion with evidence demonstrating that Plaintiff's claims against them, as distinct from her claims against CFCC, were also governed by the FTCA.  (*Id.*).

On or about March 21, 2021, Weiler Hospital and Dr. Chuang filed a second motion to dismiss for lack of subject matter jurisdiction.  (AC ¶ 11).  Along with their motion, these defendants submitted an FTCA Deeming Notice from HHS deeming Montefiore Medical Center ("MMC") to be an employee of the United States Public Health Service ("PHS"), effective January 1, 2017, through

December 31, 2017.  (*See* May 2021 State Court Order).[4]  The notice stated that PHS employees — both deemed entities and individual employees acting within the scope of their employment — are subject to liability coverage under the FTCA.  (*See id.*).  Weiler Hospital and Dr. Chuang also submitted a declaration from Dr. Chuang, in which she attested that she had been employed by MMC since 2013.  (*See id.*).  Satisfied that Plaintiff's claims against Weiler Hospital and Dr. Chuang were governed by the FTCA, Justice Higgitt granted their motion and dismissed the action without prejudice as to them in an order dated May 6, 2021.  (*Id.*).

### 3.    The 2021 HHS Claim

Following the dismissal of the state court action, Plaintiff filed a second administrative claim with HHS on June 8, 2021 (the "2021 HHS Claim").  (AC ¶ 16).  The 2021 HHS Claim is similar to the one Plaintiff submitted in 2017, in that it identifies the same "date and day of accident" and "basis of claim," but the 2021 HHS Claim names "Montefiore MD Jack D. Weiler, Meleen Chuang, MD-1825" as the appropriate federal agencies.  (2021 HHS Claim).  As of the date Plaintiff filed the Amended Complaint in this action, HHS had not made a final determination on the claim (*see* AC ¶ 16), and the parties have not advised the Court of any determinations made in the intervening time period.

---

[4]    The Court notes that MMC, CFCC, and Weiler Hospital are each separate entities.  (*See generally* Recio Decl.).

### 3.     FTCA Coverage in This Matter

In support of its motion to dismiss, the Government submitted a Declaration from Frances M. Recio, an attorney for the HHS Office of the General Counsel ("Recio Decl." (Dkt. #29)).  The Recio Declaration lays out the various contractual relationships between and among each medical center and doctor relevant to this matter, as well as the FTCA coverage applicable to each. The Declaration explains the following: Bronx Community Health Network ("BCHN") was deemed eligible for FTCA malpractice coverage starting January 1, 2017, and coverage has continued without interruption since that time.  (Recio Decl. ¶ 4; *see also* Gov't Br. 4).  The coverage extends to BCHN and its approved sites, as well as to BCHN employees acting within the scope of their employment.  (Recio Decl. ¶ 4).  BCHN, in turn, has a medical servicing contract with MMC, pursuant to which MMC provides healthcare services at fifteen approved MMC-owned-and-operated "delivery sites" within BCHN's service area.  (*Id.* at ¶ 5).  By virtue of MMC's contractual relationship with BCHN, HHS deems MMC to be eligible for FTCA coverage as a "subrecipient" to the extent the medical services at issue were provided at one of the MMC-owned-and-operated sites listed in BCHN's federal grant application.  (*Id.* at ¶ 6).  CFCC is one of those sites.  (*Id.* at ¶¶ 5-6).

Further, to the extent that a medical provider at one of these sites, including CFCC, provides a "continuous course of treatment" from the site to an MMC hospital, such as Weiler Hospital, that treatment is also subject to FTCA coverage.  (Recio Decl. ¶ 6).  However, coverage does not extend to other

MMC employees providing care at an MMC hospital. (*Id.*). Per HHS records, Dr. Chuang provided medical services to Plaintiff at CFCC, and subsequently provided medical services to Plaintiff at Weiler Hospital as part of a continuous course of treatment. (*Id.* at ¶ 9). HHS accordingly deemed BCHN, CFCC, and Dr. Chuang to be PHS employees, but did not deem Weiler Hospital to be a PHS employee. (*Id.* at ¶¶ 10-11).

## B.   Procedural Background

After CFCC was dismissed as a defendant from the state court action, and prior to the state court's dismissal of Plaintiff's claims against Weiler Hospital and Dr. Chuang, Plaintiff commenced the present action against the United States on February 25, 2021, alleging claims pertaining to CFCC only. (Dkt. #1). Due to a filing deficiency, the Complaint did not appear on the docket in its proper form until March 24, 2021. (Dkt. #7). On June 7, 2021, the Government filed a pre-motion letter indicating its intent to move to dismiss the Complaint under Rule 12(b)(6), arguing that Plaintiff's claims against CFCC were time-barred under the FTCA. (Dkt. #12). On June 8, 2021, Plaintiff filed an opposition letter indicating her intent to amend the Complaint. (Dkt. #13). On June 22, 2021, Plaintiff filed the Amended Complaint, the operative pleading in this matter, expanding the claims to include conduct by Weiler Hospital and Dr. Chuang — the parties that had since been dismissed from Plaintiff's state court action. (Dkt. #15).

On July 16, 2021, the Government renewed its request for a pre-motion conference regarding its intent to move to dismiss the Amended Complaint

under Rules 12(b)(1) and 12(b)(6); it argued that, in addition to all of the claims being time-barred, the Court lacked jurisdiction over the claims against Weiler Hospital and Dr. Chuang because Plaintiff had not exhausted her administrative remedies under the FTCA. (Dkt. #22). In light of the anticipated motion, the Court adjourned the initial pretrial conference then scheduled for July 29, 2021, and set a briefing schedule. (*See* Dkt. #24). The Government filed its motion to dismiss on September 3, 2021 (Dkt. #27); Plaintiff filed her opposition brief on October 29, 2021 (Dkt. #36); and the Government filed its reply brief on November 17, 2021 (Dkt. #37). The motion has now been fully briefed and is ripe for the Court's consideration.

## DISCUSSION

### A.   Applicable Law

#### 1.   Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

The Government grounds its motion in both Rule 12(b)(1) and Rule 12(b)(6), and so the Court discusses both provisions. Rule 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Lyons* v. *Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

A Rule 12(b)(1) motion can be either "facial," meaning it is based solely on the allegations of the complaint and exhibits attached to it, or "fact-based," meaning it is based on evidence beyond the pleadings.  *See Harty* v. *W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (quoting *Carter* v. *HealthPort Techs., LLC*, 882 F.3d 47, 56 (2d Cir. 2016)).  A plaintiff opposing a facial Rule 12(b)(1) motion bears "no evidentiary burden."  *Reliability Inc.* v. *Doki*, No. 20 Civ. 7109 (KPF), 2021 WL 3408589, at *6 (S.D.N.Y. Aug. 4, 2021) (quoting *Carter*, 822 F.3d at 56).  Instead, to resolve a facial Rule 12(b)(1) motion, a district court must "determine whether the complaint and its exhibits allege facts that establish subject matter jurisdiction."  *Id.* (quoting *Carter*, 822 F.3d at 56 (internal quotation marks and alterations omitted)).  To make that determination, a court must "accept the complaint's allegations as true and draw all reasonable inferences in favor of the plaintiff."  *Id.* (quoting *Carter*, 822 F.3d at 57 (internal quotation marks and alterations omitted)).

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits."  *Carter*, 822 F.3d at 57; *see also MMA Consultants 1, Inc.* v. *Republic of Peru*, 719 F. App'x 47, 49 (2d Cir. 2017) (summary order) (defining fact-based Rule 12(b)(1) motion as one where "the defendant puts forward evidence to challenge the factual contentions underlying the plaintiff's assertion of subject-matter jurisdiction").  "In opposition to such a motion, [a plaintiff] must come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in the[ir p]leading if the evidence proffered

10

by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Katz* v. *Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) (internal citations and quotations omitted). If a defendant supports its fact-based Rule 12(b)(1) motion with "material and controverted" "extrinsic evidence," a "district court will need to make findings of fact in aid of its decision as to subject matter jurisdiction." *Carter*, 822 F.3d at 57.

"When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, the Court must consider the Rule 12(b)(1) motion first." *Reliability Inc.*, 2021 WL 3408589, at *6 (citing *Almazon* v. *JPMorgan Chase Bank, Nat'l Ass'n*, No. 19 Civ. 4871 (VEC), 2020 WL 1151313, at *6 (S.D.N.Y. Mar. 9, 2020), *appeal dismissed*, No. 20-1138 (2d Cir. Aug. 4, 2020)); *accord Rhulen Agency, Inc.* v. *Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

Under Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber* v. *Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556

11

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)).  While the plausibility requirement "is not akin to a 'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Toward that end, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  Moreover, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

### 2.    The FTCA

Where the United States is named as a defendant in a common-law tort suit, as in the present case, the doctrine of sovereign immunity may present a jurisdictional bar to suit.  *See FDIC* v. *Meyer*, 510 U.S. 471, 475 (1994).  "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."  *Block* v. *North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983).  Congress, however, can waive sovereign immunity, and such waiver is a prerequisite to subject matter jurisdiction.  *Presidential Gardens Assocs.* v. *United States ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999).  The United States, through the FTCA, has effected a "limited waiver of sovereign immunity."  *United States* v. *Orleans*, 425 U.S. 807, 813 (1976).  That is, with the passage of the FTCA, Congress "waived the sovereign immunity of the United States for certain torts committed by federal employees' acting within the scope of their employment."  *Brownback* v. *King*, 141 S. Ct. 740, 746 (2021) (quoting *Meyer*, 510 U.S. at

475-76) (internal quotation marks omitted).  As a result, in certain tort actions against employees of the federal government, the United States is as liable as a private individual would be.  *See* 28 U.S.C. § 1346(b)(1).

### a.    Medical Malpractice Coverage for FQHCs

Pursuant to the Public Health Services Act of 1944, Pub. L. 78-410, 58 Stat. 682, as amended by the Federally Supported Health Centers Assistance Acts of 1992 and 1995, Pub. L. 102-501, 106 Stat. 3268, Pub. L. 104-73, 109 Stat. 777, the United States "deems" certain health centers that receive federal funding (known as "Federally Qualified Health Centers," or "FQHCs") to be employees of the Public Health Service.  42 U.S.C. § 233(g)(1)(A), (4).  In so doing, "[t]he United States ... in effect insures designated public health officials by standing in their place financially when they are sued for the performance of their medical duties." *Cuoco* v. *Moritsugu*, 222 F.3d 99, 108 (2d Cir. 2000).  For these facilities and their employees, FTCA liability is the exclusive remedy for tort claims.  *See* 42 U.S.C. § 233(g)(1)(A), (4).  Accordingly, to the extent that a plaintiff wishes to pursue claims against a FQHC or one of its employees, it must name the United States as the defendant pursuant to the FTCA.  *See* 42 U.S.C. § 233(g).

### b.    The FTCA Exhaustion Requirement

The FTCA requires that before a plaintiff institutes an action for "a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his [or her]

office or employment," the plaintiff must "first present[] the claim to the appropriate Federal agency," and the claim must be "finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a). Thus, "[t]he FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court."  *Celestine* v. *Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).  This requirement is jurisdictional and cannot be waived.  *Id.*; *accord Manchanda* v. *Lewis*, No. 21-1088-cv, 2021 WL 5986877, at *2 (2d Cir. Dec. 17, 2021) (summary order).  "It extends to all suits, including those begun in state court."  *Celestine*, 403 F.3d at 82.

"[B]ecause the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in [it] must be adhered to strictly."  *Keene Corp.* v. *United States*, 700 F.2d 836, 841 (2d Cir. 1983).  As with other subject matter jurisdiction inquiries, "[t]he burden is on [the] plaintiff to demonstrate subject matter jurisdiction in compliance with the FTCA's requirements."  *Hardie* v. *United States*, 501 F. Supp. 3d 152, 158 (E.D.N.Y. 2020), *aff'd*, 859 F. App'x 612 (2d Cir. 2021).  However, to account for the case in which a plaintiff does not know that an entity is covered by the FTCA and pursues the action in state court without first exhausting the required administrative remedies, Congress added an escape valve in the form of 28 U.S.C. § 2679(d)(5).  Section 2679(d)(5) provides that:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a

> claim pursuant to section 2675(a) of this title, such a claim shall be deemed timely … if — [i] the claim would have been timely had it been filed on the date the underlying civil action was commenced, and [ii] the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5). "[S]tate court actions removed to federal court will still be considered timely" if the two above criteria are met. *Celestine*, 403 F.3d at 83. Thus, under the FTCA, a plaintiff "can file an *administrative* claim within sixty days following the district court's dismissal, and her claim in federal court would be treated — for statute of limitations purposes — as if it had been filed on … the date the original suit was filed in state court," allaying concerns of unfairness to plaintiffs who are unaware of FTCA coverage and procedures. *Id.* at 84 (emphasis in original).

### c.   The Statute of Limitations and Equitable Tolling

The FTCA further bars a tort claim against the United States "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). A time-barred FTCA claim must be dismissed with prejudice. *See Barone* v. *United States*, No. 12 Civ. 4103 (LAK), 2014 WL 4467780, at *14 (S.D.N.Y. Sept. 10, 2014) (dismissing FTCA claim with prejudice because it was time-barred). The FTCA's time bars are non-jurisdictional, however, and therefore subject to equitable tolling. *United States* v. *Wong*, 575 U.S. 402, 412 (2015).

"Although equitable tolling is applicable only in rare and exceptional circumstances … it is sometimes necessary as a matter of fairness." *Phillips* v. *Generations Fam. Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013) (internal citations and quotation marks omitted).  A litigant seeking equitable tolling generally bears the burden of establishing "[i] that [she] has been pursuing [her] rights diligently, and [ii] that some extraordinary circumstance stood in [her] way." *Pace* v. *DiGuglielmo,* 544 U.S. 408, 418 (2005).  The term "extraordinary" refers "not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *PT Rahajasa Media Internet* v. *Telecomm. & Informatics Fin. Provider & Mgmt. Ctr.*, No. 20 Civ. 11035 (PGG), 2022 WL 992841, at *4 (S.D.N.Y. Apr. 1, 2022).  To satisfy the burden, it is incumbent upon the plaintiff to "show that [her] lawyers were reasonably diligent in determining 'the appropriate parties to sue, and what, if any, restrictions on the time and forum for bringing such a claim might exist.'" *Phillips*, 723 F.3d at 150 (quoting *A.Q.C. ex rel. Castillo* v. *United States*, 656 F.3d 135, 145 (2d Cir. 2011)).  There is no *per se* rule as to what constitutes diligence; "[r]ather, the district court should consider all of the relevant facts and circumstances — including whether the plaintiff should have known to investigate the issue — to determine, utilizing its own discretion, whether the plaintiff and lawyer were sufficiently diligent." *Id.* at 153.

## B.    Plaintiff's Claims Against CFCC Are Time-Barred Under the FTCA

The Government focuses first on Plaintiff's claims against CFCC, arguing that these claims must be dismissed under Rule 12(b)(6) because they are

16

time-barred by the FTCA's statute of limitations.  (Gov't Br. 6-8).  As just

discussed, the FTCA bars a tort claim against the United States "unless it is

presented in writing to the appropriate Federal agency within two years after

such claim accrues or unless action is begun within six months after the

date … of final denial of the claim by the agency to which it was presented."  28

U.S.C. § 2401(b).  The Government argues that Plaintiff failed to bring an

action in federal court within six months of HHS's denial of her claims against

CFCC, and, therefore, her claims against that defendant must be dismissed.

(Gov't Br. 6-8).  Plaintiff concedes that she brought her action in federal court

more than six months after HHS denied her claims against CFCC, but offers

two bases to excuse this failure.  *First*, she argues that Section 2679(d)(5)

renders her claims against CFCC timely because the state court action was

filed within six months of HHS's denial.  (Pl. Opp. 11-12).  *Second*, she argues

that the statute of limitations should be equitably tolled.  (*Id.* at 12-13).  The

Court finds that Plaintiff's claims cannot be made timely by the application of

Section 2679(d)(5) or by equitably tolling the statute of limitations.

As an initial matter, the FTCA's statute of limitations plainly covers

Plaintiff's claims against CFCC.  Plaintiff, having identified CFCC as subject to

FTCA coverage in 2017, submitted a claim to HHS that was denied on

September 10, 2019.  (*See* HHS Denial Letter).  The HHS Denial Letter provided

that if Plaintiff was dissatisfied with HHS's determination, she could file a

written request for reconsideration by HHS or "file suit against the United

States in the appropriate *federal district court* within six (6) months from the

17

date of mailing of [the] determination[.]"  (*Id.* (emphasis added) (citing 28 U.S.C.

§ 2401(b))).  Plaintiff instead filed suit in New York State Supreme Court on

February 6, 2020.  (AC ¶ 7).  She did not file the present action until

February 25, 2021, after CFCC had been dismissed as a defendant from the

state court action, thus missing the statute of limitations by nearly a year.

(*See* Dkt. #1; January 2021 State Court Order).[5]  Regardless of what Plaintiff

may have believed about her claims against Weiler Hospital and Dr. Chuang,

the HHS Denial Letter expressly informed her that she had six months after

September 10, 2019, to file her claims against CFCC in federal district court.

The Court finds nothing "ambiguous and misleading" (Pl. Opp. 12) about this

instruction.

   Considering now Plaintiff's arguments for salvaging her claims against

CFCC, the Court finds Plaintiff's invocation of Section 2679(d)(5) to be

unpersuasive.  Plaintiff's argument distills to a misleading quotation from

Section 2679(d)(5), coupled with an assertion that the present action should be

permitted to stand because "the response of HHS was ambiguous and

misleading as to CFCC[,] leading to the original institution in State Court."  (Pl.

Opp. 12).  That is, Plaintiff suggests that she filed the action in state court

because she was unsure of the entities to which the HHS Denial Letter applied,

---

[5]     CFCC was dismissed from the state court action without prejudice.  (See January 2021
State Court Order).  Plaintiff argues that the "'without prejudice' portion of the ruling
was an acknowledgment of [their] agreement that the case could be re-instituted in
Federal Court."  (Pl. Opp. 5).  Whatever the contours of this "acknowledgement,"
Plaintiff could not reasonably have understood a state court dismissal without prejudice
to be a guarantee that her claims against CFCC would survive a motion to dismiss in a
subsequent federal court action.

given that the agency characterized her claims as against "Montefiore Medical Center, located in Bronx, New York[.]"  (HHS Denial Letter; *see also* Pl. Opp. 3 (describing the HHS Denial Letter as "confusing and ambiguous, incorrectly stating that our claim was against 'the medical providers at Montefiore Medical Center, located in Bronx New York' when it was specifically against Montefiore Medical Center – CFCC")).  Because the state court action was filed within six months of the HHS Denial Letter, Plaintiff reasons, Section 2679(d)(5) permits her otherwise untimely federal action to stand.[6]

In advancing her argument, Plaintiff misquotes Section 2679(d)(5) in a way that fundamentally alters its meaning.  Plaintiff states that the provision pertains to any "action or proceeding in which the United States is substituted as the party defendant under this subsection [that] is dismissed for failure to present a claim[.]"  (Pl. Opp. 11).  But Plaintiff omits the operative phrase "pursuant to section 2675(a) of this title," which limits the application of Section 2679(d)(5) to claims dismissed pursuant to Section 2675(a).  28 U.S.C. § 2679(d)(5).  In other words, Section 2679(d)(5) makes an administrative claim timely if a state court action is dismissed for failure to exhaust administrative

---

[6]     While HHS's characterization of Plaintiff's claim was not a model of clarity, any vagueness counseled in favor of action in the opposite direction, *i.e.*, filing suit against all parties in federal district court.  Plaintiff knew that the claim she submitted to HHS in 2017 identified "Montefiore Medical Group *CFCC*" as the appropriate federal agency. (2017 HHS Claim (emphasis added)).  Given that the HHS Denial Letter was a direct response to Plaintiff's claim, it was only reasonable to assume that HHS's reference to "Montefiore Medical Center" meant CFCC.  What is more, even if Plaintiff were under the impression that the HHS Denial Letter included Plaintiff's claims against Weiler Hospital and Dr. Chuang, logic would dictate that Plaintiff file suit against all parties in federal district court per the explicit instructions in the HHS Denial Letter.

remedies under Section 2675(a), and the plaintiff subsequently files an administrative claim to exhaust administrative remedies prior to pursuing her claims in federal court.  It does not apply here, where Plaintiff *did* exhaust her administrative remedies against CFCC, and CFCC was dismissed from the state court action because the state court lacked subject matter jurisdiction over the FTCA claims.  (*See* January 2021 State Court Order 3-4).  *See also Abdoulaye* v. *Cimaglia*, No. 15 Civ. 4921 (PKC), 2018 WL 1890488, at *5 (S.D.N.Y. Mar. 30, 2018) (finding that Section 2675(a) did not bar plaintiff's claims, and therefore that Section 2679(d)(5) did not apply).  Put somewhat differently, Section 2679(d)(5) makes timely certain delayed administrative claims, but does not do the same for delayed federal district court actions. Therefore, Section 2679(d)(5) is inapposite to Plaintiff's claims against CFCC.

The Court additionally finds that Plaintiff's untimely claims against CFCC cannot be saved by the doctrine of equitable tolling.  While Plaintiff maintains that she made a "diligent effort in pursuing her right to prosecute this matter[,]" Plaintiff's counsel's lack of diligence — demonstrated by filing suit in the wrong court — indicates otherwise.  (Pl. Opp. 13).  *See also Palmer-Williams* v. *United States*, No. 14 Civ. 9260 (CS), 2016 WL 676465, at *7 (S.D.N.Y. Feb. 18, 2016) (finding that the remedy of equitable tolling is limited to those "who have not contributed to the delay"), *aff'd*, 675 F. App'x 70 (2d Cir. 2017) (summary order).  Further, Plaintiff cites the COVID-19 pandemic as an "extraordinary circumstance" without meaningfully explaining how it affected her ability to pursue her claims.  (*See* Pl. Opp. 13; *see also* Gov't

Reply 3 (highlighting that Plaintiff filed the state court action one month before New York was declared to be in a state of emergency due to the COVID-19 pandemic)).  Because Plaintiff has not carried her burden of establishing that she is entitled to equitable tolling, her claims against CFCC must be dismissed with prejudice.[7]

## C.  The Court Lacks Jurisdiction to Consider Plaintiff's Claims Against Weiler Hospital and Dr. Chuang

The Government next argues that Plaintiff's claims against Weiler Hospital and Dr. Chuang must be dismissed because Plaintiff failed to exhaust her administrative remedies as required by Section 2675(a), thereby depriving the Court of subject matter jurisdiction over her claims; in the alternative, it argues that these claims are time-barred.  (Gov't Br. 11-13).  Plaintiff responds that "[Weiler] Hospital and Dr. Chuang cannot have it both ways" (Pl. Opp. 10), by which she means that either her claims against them are "FTCA eligible, in which case [this] case should … go forward in Federal Court, or they are not, in which case the action should be remanded to the State Court" (*id.* at 11).  Because Plaintiff failed to exhaust the required administrative remedies, as evidenced by her pending 2021 HHS Claim, the Court lacks subject matter

---

[7]     The Government also argues that Plaintiff's claims for lack of informed consent and negligent hiring must be dismissed because Plaintiff did not raise them before HHS and thus failed to exhaust administrative remedies as required by Section 2675(a).  (*See* Gov't Br. 14-15).  While this may be true, the Court finds it unnecessary to analyze the lack of informed consent and negligent hiring claims separately from the general negligence claim, as all claims against CFCC arising from Plaintiff's 2017 surgery are time-barred under the FTCA.

jurisdiction over her FTCA-eligible claims against Weiler Hospital and Dr. Chuang as described herein.

Working with the information provided in the Recio Declaration, the Government argues first that Plaintiff's claims against Weiler Hospital and Dr. Chuang are covered by the FTCA insofar as they relate to care that Dr. Chuang provided at Weiler Hospital that constitutes a "continuous course of treatment" from the care she provided to Plaintiff at CFCC.  (Gov't Br. 11).  But because Weiler Hospital does not have blanket FTCA coverage, the Government argues that the United States cannot be held liable for other medical care provided to Plaintiff by the Hospital or its other employees.  (*See id.*).  Thus, "Plaintiff's claims with respect to her treatment at [Weiler] Hospital are limited to the care provided by Dr. Chuang at [Weiler] Hospital in a continuous course of treatment from the care she provided at CFCC."  (*Id.*).  In Plaintiff's view, the Recio Declaration "makes it clear that actions occurring at [Weiler] are exempt from FTCA requirements, and should have remained in State Court, as the first State Court action directed."  (Pl. Opp. 8).

The Court resolves the parties' dispute as follows:  The medical care provided to Plaintiff by Dr. Chuang at Weiler Hospital is subject to FTCA coverage because it was part of a continuous course of treatment from the care provided to Plaintiff by Dr. Chuang at CFCC.  (*See* Recio Decl. ¶ 9).  Thus, at this first stage of the analysis, the Court retains jurisdiction over Plaintiff's claims against Weiler Hospital and Dr. Chuang that arise under this "continuous course of treatment" theory.  Conversely, to the extent that

Plaintiff's claims are directed at Weiler Hospital itself, or at other MMC employees who did not provide continuous care to Plaintiff arising from their treatment of her at CFCC, such claims are not covered by the FTCA, and the Court will dismiss them without prejudice to their refiling.[8]

Ultimately, Plaintiff's FTCA-eligible claims against Weiler Hospital and Dr. Chuang must nonetheless be dismissed because Plaintiff failed to exhaust her administrative remedies with respect to these claims as required by Section 2675(a) at the time this lawsuit was brought.  (See Gov't Br. 11-13).  Plaintiff submitted her claims as to these parties to HHS on June 8, 2021, and HHS has yet to make a final determination.  (*See* 2021 HHS Claim).  Because the exhaustion requirement is jurisdictional, a court lacks subject matter jurisdiction where a suit is initiated on a FTCA claim before the agency makes a final determination on the claim.  *See* 28 U.S.C. § 2675(a); *see also McNeil* v. *United States*, 508 U.S. 106, 113 (1993) (holding that an FTCA action could not be maintained where a claimant failed to exhaust administrative remedies prior to filing suit, even though he did so before substantial progress was made in the litigation).

Plaintiff argues that the Court should retain subject matter jurisdiction because she was unaware that her claims against Weiler Hospital and Dr.

---

[8]     The Court appreciates the frustration that Plaintiff may feel, given the prior dismissal of her claims against Weiler Hospital and Dr. Chuang in the May 2021 State Court Order. However, the Deeming Notice lists *BCHN* as the grantee organization and lists MMC only as a subrecipient of BCHN's grant.  (Recio Decl., Ex. 5).  Moreover, the analysis contained in the Recio Declaration, and the arguments of the parties in this litigation, are more precise than the information and arguments presented to Justice Higgitt.

Chuang were covered by the FTCA, and, upon becoming aware, filed the HHS claims against them after they had been dismissed from the state court action. (Pl. Opp. 14).  On Plaintiff's account, because the allegations in the 2021 HHS Claim "derive from the same transaction and occurrence" as the 2017 HHS Claim, subject matter jurisdiction over the matter is essentially conferred on this Court.  (*Id.*).  Somewhat tellingly, Plaintiff cites no cases to support the proposition that a federal court has jurisdiction to consider an unexhausted administrative tort claim where an agency has previously decided a separate, exhausted claim arising from the same transaction or occurrence.  And the Court is not convinced by Plaintiff's reasoning that the 2017 HHS Claim confers subject matter jurisdiction over the claims set forth in the 2021 HHS Claim merely by virtue of their common factual nucleus.  Thus, because Plaintiff's administrative claims against Weiler Hospital and Dr. Chuang remain pending with HHS, the Court lacks subject matter jurisdiction over her FTCA-eligible claims against them under Section 2675(a).

Perhaps anticipating a future resolution of the 2021 HHS Claim, the Government argues additionally that Plaintiff's claims against Weiler Hospital and Dr. Chuang, much like Plaintiff's claims against CFCC, are time-barred and must be dismissed with prejudice.  (Gov't Br. 13).  To review, the FTCA provides that a claim must be "presented in writing to the appropriate Federal agency within two years after [it] accrues[.]"  28 U.S.C. § 2401(b).  Plaintiff submitted her claim against Weiler Hospital and Dr. Chuang to HHS on

June 8, 2021, well over two years after her claim had accrued in August 2017.[9] From this, the Government reasons that the statute of limitations bars Plaintiff's claims against Weiler Hospital and Dr. Chuang.[10]  The Court concludes, however, that given its acknowledged lack of subject matter jurisdiction, the prudent course of action is not to opine on the merits of these claims.  *See Reliability Inc.*, 2021 WL 3408589, at *6 ("When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, the Court must consider the Rule 12(b)(1) motion first.").  Accordingly, Plaintiff's claims against Weiler Hospital and Dr. Chuang are dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

The Court's focus in this Opinion on the legal issues raised in the parties' submissions should not be taken as a lack of concern for the physical and emotional injuries alleged by Plaintiff.  The fact remains, however, that for the various reasons set forth in this Opinion, the Court cannot consider her

---

[9]   Both of Plaintiff's administrative claims identify "8/11/2017 and continuing" as the date the "accident" occurred.  (2017 HHS Claim; 2021 HHS Claim).  Plaintiff's complaint, however, alleges negligence related to treatment from August 11, 2017 to August 22, 2017.  (AC ¶ 3).  "Typically, FTCA medical malpractice claims accrue 'at the time of injury.'"  *A.Q.C. ex rel. Castillo* v. *United States*, 656 F.3d 135, 139 (2d Cir. 2011) (quoting *Kronisch* v. *United States*, 150 F.3d 112, 121 (2d Cir. 1998)).  The Court therefore considers the claim to have accrued during the period from August 11, 2017, to August 22, 2017.

[10]   The Government seeks to preempt Plaintiff's use of Section 2679(d)(5) to make the 2021 HHS Claim timely by pointing out that the provision can only be relied upon if the administrative claim would have been timely had it been filed on the day the underlying civil action commenced.  (Gov't Br. 13; Gov't Reply 5).  The state court action was initiated on February 6, 2020, more than two years after the claim accrued.  (AC ¶ 7).  The administrative claim would have thus been untimely if it was filed on the day the state court action was commenced.  *See* 28 U.S.C. § 2401(b).

claims.  The Government's motion to dismiss is GRANTED.  Plaintiff's claims against CFCC are dismissed with prejudice, and Plaintiff's claims against Weiler Hospital and Dr. Chuang are dismissed without prejudice.  The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

      SO ORDERED.

Dated:     August 8, 2022
            New York, New York

_____
      KATHERINE POLK FAILLA
      United States District Judge